STRINE, Chief Justice,
concurring:
I concur in the well-crafted opinion of the Majority, and write separately only to note that when a trial judge partially grants a jury’s request to be shown part of the evidence again, and refuses to provide another related part the jury also asks to review, the reason for denying the related request cannot rationally be premised on the fact that the other part consists of trial testimony not yet fully transcribed. In other words, the justification should be something more substantial than the fact that the testimony is unavailable only in the sense that it is has not been reduced to a final transcript.
I recognize and agree with the rule set forth in Flonnory v. State that expedited transcripts need not be prepared to show to the jury during deliberations.[105] But that is because the general rule, is that juries do not examine any of the trial evidence again during their deliberations, but deliberate based on what they absorbed of the evidence as it was presented live at trial. Expedited transcripts can and often are prepared in many of our courts, and transcripts of a particular witness’s testimony can be prepared in a matter of hours by our skillful court reporters. In fact, it would even be possible for a court reporter to read back the testimony to the jury.
When a trial court accedes to a jury’s request to see a witness’s videotaped § 3507 statement, it should not be unexpected that the jury might also wish to compare that statement to the witness’s trial testimony or another trial witness’s testimony, as was the case here. Once a trial judge goes down the route of permitting the jury to see particular parts of the record again at the jury’s request, it is hazardous to deny them the chance to view other logically related parts of the record and the court should consider carefully whether selectively granting requests for a second viewing of evidence would put undue weight on parts of the record and compromise the jury’s ability to put all the evidence in fair perspective. After all, a primary concern of Flonnory is the worry that permitting the jury to dilate on specific aspects of the record will lead them to place too much emphasis on those parts, and thus too little emphasis on the rest of the much larger record.[106] And if despite these dangers of imbalance, the trial court does decide to grant a jury request to see parts of the record again, any concern about the burden to court reporters in preparing expedited transcripts of related parts of the record must go out the window, with the sole focus on what is necessary to ensure a fair trial.
But I agree with the Majority that the plain error standard requires that Melvin show that the selective granting of the jury’s requests resulted in manifest injus *19 tice to him. That is an onerous burden that he has not met.

. 893 A.2d 507 (Del.2006).

. Id. at 525.